UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LINDA J. SHENKO,

                              Plaintiff,

v.                                                                   6:14-CV-1595
                                                                        (LEK/TWD)

FEDERAL BUREAU OF INVESTIGATION,
HOMELAND SECURITY, JOHN AND JANE
DOES, TOWN OF NEW HARTFORD,
NEW HARTFORD POLICE DEP'T,
OFFICER FREIBERGER,

                              Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

LINDA J. SHENKO
Plaintiff pro se
27 Buttonwood Circle
Clinton, NY 13323

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent this pro se amended complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 2 and 5.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that the action be dismissed with leave to amend all claims except the claims against the New Hartford Police Department, which I recommend be dismissed without leave to amend.

**I. ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges that on June 22, 2012, her car was "lasered/tasered" in her driveway,

which "blasted out" the window and caused trunk damage. (Dkt. No. 5 at 2.) Plaintiff alleges that her wrist was "lasered/tasered" in twenty places while she was taking pictures in her garage of the window and trunk damage. *Id.* Thereafter, records went "mysteriously missing" from her doctor's computer. *Id.*

Plaintiff alleges that in September 2014, the man who mows her lawn told her, "The reason they are not paying you is because they are going to live longer than you are." (Dkt. No. 5 at 2, emphasis omitted.) Plaintiff was "shocked at this brazen attempt of YOUR OPERATIVES to FURTHER intimidate a 71 year old VICTIM who now has a 50% disability in her right wrist, and a broken down 2007 Chevy in her garage." *Id*. at 3 (emphasis in original). Later, a lawyer also told her, "The reason they are not paying you is because they are going to live longer than you are." *Id.* (emphasis omitted). Plaintiff alleges that the assistant branch manager of an M&T Bank conveyed a similar message. *Id.* at 4.

Plaintiff alleges that her credit cards and documents have been stolen three times. (Dkt. No. 5 at 4.) Plaintiff alleges that the government has spent sixty-five million dollars to follow her as she delivers newspapers. *Id.* Plaintiff alleges that she had to quit her job at Meals on Wheels in order to pursue her claims against the government. *Id.* at 5. Plaintiff further alleges that operatives of the Court have "found it necessary to delete sentences, rewrite sentences to make sure they were meaningless in an effort to discredit me." *Id.* at 1 (emphasis omitted).

Plaintiff names the Federal Bureau of Investigations ("FBI"), Homeland Security, John and Jane Does, the Town of New Hartford, the New Hartford Police Department, and Officer Freiberger as Defendants. (Dkt. No. 1-1 at 1.)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[1]

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

3

shown--that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

IV.   **ANALYSIS**

   A.   **Claims Against the FBI and Homeland Security**

Plaintiff names the FBI and Homeland Security as Defendants. (Dkt. No. 1-1 at 1.) It is well settled that federal agencies are immune from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005). Federal agencies must waive immunity before being subject to suit. *Meyer*, 510 U.S. at 475. The Federal Tort Claims Act ("FTCA") provides a waiver of immunity and thus affords the sole remedy for personal injuries arising or resulting from the negligent or wrongful act or omission of any employee or agency of

4

the federal government acting in the scope of employment. 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). The FTCA requires, as a jurisdictional prerequisite to suit, that a plaintiff exhaust administrative remedies with the appropriate federal agency before filing suit. 28 U.S.C. § 2675(a). Here, Plaintiff does not allege that she exhausted her administrative remedies. (Dkt. No. 5.) Therefore, I recommend that the Court dismiss the claims against the FBI and Homeland Security.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* Here, there is a possibility that Plaintiff could amend her complaint to cure the defect. Therefore, I recommend that the Court grant Plaintiff leave to amend.

### B. Claims Against the Town of New Hartford

Plaintiff names the Town of New Hartford as a Defendant. (Dkt. No. 1-1 at 1.) "To establish liability under 42 U.S.C. § 1983 against a municipality . . . , a plaintiff must show that the claimed constitutional violation resulted from a municipal custom or policy." *Ahern v. City of Syracuse*, 411 F. Supp. 2d 132, 139 (N.D.N.Y. 2006). An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking

officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees. *Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S 658, 690-91 (1978), *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986), and *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "Custom denotes persistent and widespread practices, and thus proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . ." *Ahern*, 411 F. Supp. 2d at 139 (punctuation and citation omitted). Here, Plaintiff does not allege facts plausibly suggesting a custom or policy. Therefore, I recommend that the Court dismiss Plaintiff's claims against the Town of Hartford with leave to amend.

## C. Claims Against the New Hartford Police Department

Plaintiff names the New Hartford Police Department as a Defendant. (Dkt. No. 1-1 at 1.) "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (citations omitted). Therefore, I recommend that this claim be dismissed without leave to amend.

## D. Claims Against Officer Freiberger

Plaintiff names Officer Freiberger as a Defendant. (Dkt. No. 1-1 at 1.) Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some "tangible

connection" between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Here, the amended complaint does not contain any factual allegations about Officer Freiberger. (Dkt. No. 5.) Thus, Plaintiff has not shown that Officer Freiberger was personally involved in the events of which she complains. Therefore, I recommend that the Court dismiss the claims against Defendant Freiberger with leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the amended complaint (Dkt. No. 5) be dismissed with leave to amend the claims against the FBI, Homeland Security, the Town of New Hartford, and Officer Freiberger and without leave to amend the claims against the New Hartford Police Department; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: April 17, 2015
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge