UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LINDA J. SHENKO,

                Plaintiff,

       -against-                          6:14-CV-1595 (LEK/TWD)

FEDERAL BUREAU OF
INVESTIGATION; HOMELAND
SECURITY; JOHN AND JANE DOES;
TOWN OF NEW HARTFORD; NEW
HARTFORD POLICE DEPARTMENT;
and OFFICER FREIBERGER,

                Defendants.

**ORDER**

This matter comes before the Court following a Report-Recommendation filed on April 17, 2015, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 6 ("Report-Recommendation"). *Pro se* Plaintiff Linda J. Shenko ("Plaintiff") timely filed Objections. Dkt. No. 18 ("Objections").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If a party objects to a report-recommendation, "the Court subjects that portion of the report-recommendation to a *de novo* review." Williams v. Roberts, No. 11-CV-0029, 2012 WL 760777, at *3 (N.D.N.Y. Mar. 7, 2012) (citing FED. R. CIV. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C)); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district

court should review that aspect of a report-recommendation for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Plaintiff's Objections either restate claims made in her Amended Complaint, see, e.g., Objs. at 1-3, or seek to clarify or amend her earlier claims, see, e.g., id. at 6-9; see also Dkt. No. 5 ("Amended Complaint").[1] Accordingly, the Court has reviewed the Report-Recommendation for clear error and has found none.

Plaintiff has also filed an Amendment to claim and a Second Amended Complaint. Dkt. Nos. 12 ("Amendment"); 14 ("Second Amended Complaint"). Because Plaintiff's Amendment and Second Amended Complaint are improperly filed amended pleadings, they are stricken from the docket. See FED. R. CIV. P. 15(a)(2). However, because the Court adopts the Report-Recommendation in its entirety, *infra*, Plaintiff will be afforded an opportunity to replead her claims as provided in the Report-Recommendation. Any amended complaint submitted in response to this Order must set forth a short and plain statement of the facts Plaintiff relies on in support of her

---

[1] The Report-Recommendation recommends allowing Plaintiff an opportunity to replead her claims, with the exception of her claim against the New Hartford Police Department. Report-Rec. at 1. Plaintiff does not challenge Judge Dancks's recommendation that her claims against the New Hartford Police Department be dismissed with prejudice. See generally Objs.

2

claims against the named defendant(s). See FED. R. CIV. P. 8(a). Plaintiff's amended complaint, which shall supersede and replace in its entirety the Amended Complaint and any other amended pleadings, must be a complete pleading which sets forth all of the claims that Plaintiff wants the Court to consider as a basis for awarding relief herein.[2]

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 6) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 5) is **DISMISSED with leave to amend** claims against the FBI, Homeland Security, the Town of New Hartford, and Officer Freiberger; and is **DISMISSED without leave to amend** claims against the New Hartford Police Department; and it is further

**ORDERED**, that Plaintiff's Amendment (Dkt. No. 12) to claim and Second Amended Complaint (Dkt. No. 14) are **STRICKEN** from the docket as improper pleadings. Plaintiff is directed to file one amended complaint in accordance with the Report-Recommendation; and it is further

**ORDERED**, that Plaintiff's Letter Brief (Dkt. No. 17) is **DENIED as moot**; and it is further

**ORDERED**, that Plaintiff's Letter Request (Dkt. No. 19) for permission to resubmit an amended complaint is **DENIED as moot**; and it is further

---

[2] Plaintiff also filed a Letter Brief requesting a cease and desist order and a Letter Request for permission to amend her Second Amended Complaint. Dkt. Nos. 17 ("Letter Brief"); 19 ("Letter Request"). Because the Court dismisses all of Plaintiff's claims in accordance with the Report-Recommendation and strikes the Second Amended Complaint from the docket, and because Plaintiff will have an opportunity to replead all but one of her claims, Plaintiff's Letter Brief and Letter Request are denied as moot.

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:      June 18, 2015
                Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge