UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LINDA J. SHENKO,

                            Plaintiff,

    -against-                                              6:14-cv-1595 (LEK/TWD)

FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

                            Defendants.

## **ORDER**

       This matter comes before the Court following a Report-Recommendation filed on February 29, 2016, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 40 ("Report-Recommendation"). On March 11, 2016, the Court received a Letter Motion from Plaintiff Linda Shenko ("Plaintiff") requesting an extension of time to file objections. Dkt. No. 42 ("Letter Motion"). In the interest of justice, the Court granted Plaintiff an extension of time in which to file objections to the Report-Recommendation. Dkt. No. 43 ("Text Order"). Plaintiff timely filed Objections on April 4, 2016. Dkt. No. 44 ("Objections").

       Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d

301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Plaintiff appears to object to the Court's denial of her request for oral argument. Objs. at 1. In her Letter Motion, in addition to requesting an extension of time to file objections, Plaintiff also requested oral argument in this matter. Let. Mot. The Court denied Plaintiff's request for oral argument on March 14, 2016. Text Order. Local Rule 72.1(b), which governs the filing of objections to a magistrate judge's determination, provides that "[u]nless the Court directs otherwise, it will decide all appeals on submission of the papers without oral argument." N.D.N.Y. L.R. 72.1(b).[1] Therefore, the Court's denial of Plaintiff's request for oral argument was proper.

Plaintiff alleges that the FBI has falsified the record in this case and, to the extent that Court accepts the FBI's representations, that the Court is believing "fiction." Objs. at 1. Plaintiff does not make objections to specific findings within the Report-Recommendation, but rather generally alleges that she "needs [her] day in court" and that Defendants have not been telling the truth. See, e.g., id. at 17. She offers no evidence or factual allegations in support of these assertions. Upon review of the Report-Recommendation, the Court finds that Judge Dancks properly afforded Plaintiff's allegations the liberality given to *pro se* plaintiffs and construed Plaintiff's claims to raise

---

[1] Local Rule 72.1(c) provides that when reviewing a party's objections to a magistrate judge's report-recommendation, the Court will proceed with the submissions in accordance with Local Rule 72.1(b). N.D.N.Y. L.R. 72.1(c).

2

the strongest arguments they suggest. Plaintiff was afforded several extensions to file a Second Amended Complaint, and Judge Dancks additionally reviewed the "few pages" of Plaintiff's Second Amended Complaint that were filed before the Second Amended Complaint. See Rep.-Rec. at 3; Dkt. Nos. 31 ("Partial Second Amended Complaint"); 34 ("Second Amended Complaint"). The Court finds that Judge Dancks properly recommended dismissal of Plaintiff's claims against the United States of America, Department of Justice, Federal Bureau of Investigation, and the Department of Homeland Security on the basis of sovereign immunity. Rep.-Rec. at 9-10. Judge Dancks properly recommended dismissal of Plaintiff's claims against individual officers based on Plaintiff's failure to allege that these individuals were personally involved in the deprivation of her constitutional rights. Id. at 10, 13, 17. Plaintiff's claims against the town of New Hartford were recommended for dismissal based on Plaintiff's failure to allege that the claimed constitutional violation resulted from a municipal custom or policy, consistent with Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Id. at 12. Additionally, Judge Dancks recommended the dismissal of Plaintiff's conspiracy claim because Plaintiff did not show that any private parties conspired with a state actor and found that Plaintiff could not state a claim under 18 U.S.C. § 241 because this statute does not allow for a private right of action. Id. at 19-20. Judge Dancks recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims because all Plaintiff's federal claims were recommended for dismissal. Id. at 20. The Court has reviewed the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 40) is **APPROVED and ADOPTED in its entirety**; and it is further

3

**ORDERED**, that Plaintiff's Second Amended Complaint (Dkt. No. 34) is **DISMISSED in its entirety without leave to amend** for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims without prejudice to the re-filing of the claims in state court; and it is further

**ORDERED**, that Plaintiff's Letter Request (Dkt. No. 35) seeking to amend the Second Amended Complaint is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: April 18, 2016
Albany, New York

Lawrence E. Kahn
U.S. District Judge